**UNITED STATES DISTRICT COURT
FOR THE
WASHINGTON D.C. DISTRICT COURT**

| | |
|---|---|
| Bogdan Ciubotariu )<br>Ioan Flaviu Ardel )<br>120 Fieldstone Drive, 1301 )<br>Wisconsin Dells, WI 53965 )<br>　　　　　　)<br>　　　　　Plaintiff )<br>　　　　　　)<br>　　v. )<br>　　　　　　)<br>ALEJANDRO MAYORKAS, in his official )<br>capacity, Secretary, U.S. Department of )<br>Homeland Security; )<br>UR M. JADDOU, in her official capacity, )<br>Director, U.S. Citizenship and Immigration )<br>Services; )<br>TED H. KIM, in his official capacity, Acting )<br>Associate Director of Refugee, Asylum and )<br>International Operations, U.S. Citizenship and )<br>Immigration Services, )<br>　　2707 Martin Luther King Jr. Ave, SE )<br>　　Washington, DC 20528-0485 )<br>　　　　　　)<br>MERRICK B. GARLAND, Attorney General, )<br>Office of Attorney General U.S. Department of )<br>Justice; )<br>　　950 Pennsylvania Avenue, NW )<br>　　Washington, DC 20530-0001 )<br>　　　　　　)<br>　　　　　Defendant(s). )<br>_____ | Civil Action No 1:24-cv-3408 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF
MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Brian J. Kholodovsky, Attorney for Plaintiff, BIRG LAW, 1 Northfield Plaza, Suite 502, Northfield, IL 60093, (847/266-9001, Facsimile: 847/266-9001) Email: brian@birg.law.

**INTRODUCTION**

1

COMES NOW Bogdan Ciubotariu, (hereinafter "BOGDAN"), AND Ioan Flaviu Ardel (hereinafter "FLAVIU")by and through the undersigned attorney in the above cause and states as follows:

**1.** This action is brought as a result of Defendants' failure to adjudicate Plaintiff BOGDAN'S Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii). As Plaintiff's Application has been pending for 4 years and 5 months (over 53 months or 1590 days); Defendants have taken 9 times the maximum statutory period they are given to adjudicate asylum applications.

**2.** Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for over four years with the United States Citizenship and Immigration Services.

**3.** Defendants have a duty to adjudicate BOGDAN's Petition within a reasonable period of time under 5 U.S.C. §555(b).

**4.** Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as USCIS Asylum offices are fully operating and conducting asylum interviews; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

**5.** Plaintiff Bogdan Ciubotariu is a resident Sauk County, Wisconsin.  He properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZCH2045098030) on May 22, 2020 with the United States Citizenship and Immigration Service.

**6.** Plaintiff Ioan Flaviu Ardel is a resident Sauk County, Wisconsin.  He is the derivative of a  properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZCH2045098030) filed on May 22, 2020 with the United States Citizenship and Immigration Service by his husband Bogdan Ciubotariu.

**7.** Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

**8.** Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

**9.** Defendant TED H. KIM is the Acting Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

**10.** Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

**11.** This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

**12.** Venue is proper in the District Court for the District of Columbia 28 U.S.C. § 1391(e) in that this is the district in which one the defendants reside.

## EXHAUSTION OF REMEDIES

**13.** The Plaintiff has repeatedly requested the Defendants to take action on his application.

**14.** The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with all documents and information that have been requested of him.

**15.** There are no further administrative remedies available for Plaintiff to utilize.

## GENERAL ALLEGATIONS

**16.** Plaintiff is a citizen of Romania who properly filed his Asylum Application with USCIS on May 20, 2020 (Receipt Number: ZCH2045098030. **[Exhibit A].** As of the date of this filing, Plaintiff's Application remains unadjudicated for a period of for 4 years and 5 months (over 53 months or 1590 days).

**17.** On August 21, 2020 Plaintiff was called for and attended biometrics. **[Exhibit A]**

**18.** Since August 21, 2020, USCIS has made no requests for evidence or information from the Plaintiff.

**19.** Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to schedule an interview in his application.

**20.** Plaintiff's Application has been pending for a period of over 4 years and 5 months (over 53 months or 1590 days).

**21.** Defendant's delay and inaction is causing irreparable harm to Plaintiff as he is unable to become a permanent resident or accumulate time towards becoming a United States Citizen.

## VIOLATION OF THE APA

**22.** All prior paragraphs are re-alleged as if fully stated herein.

**23.** Plaintiff has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

**24.** Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

**25.** Bogdan's case has been pending since 05/20/2020 without an interview, more than 4 years and 5 months (over 53 months or 1590 days), which is more than 180 days.

**26.** The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

**27.** No other adequate remedy is available to Plaintiff.

**28.** Defendants have failed in their statutory duty to adjudicate the Application in 180 days since filing and 180 days since the interview.

**29.** As Plaintiff's Application has been pending for over 4 years and 5 months; Defendants have taken 9 times the maximum statutory period they are given to adjudicate asylum applications.

**30.** Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiffs' due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiffs' Application.

**31.** Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiffs' Application for a period of over 4 years and 5 months (over 53 months or 1590 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiffs' case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Asylum Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: 12/08/2024                           Respectfully submitted,

                                          /s Brian J. Kholodovsky
**Brian J. Kholodovsky, Esq. (6300193)**
**JEELANI LAW FIRM, PLC**
**1 Northfield Plaza, #502,**
**Northfield, Illinois 60093**
**brian@birg.law**
**Phone:(847) 266-9001**
**Fax:(847) 266-9001**
*Counsel for Plaintiff*